UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

United States of America

Case No. 15-cr-173-LM

v.

Oscar Rosario

## ORDER OF DETENTION PENDING TRIAL

In accordance with 18 U.S.C. § 3142(f), a hearing was conducted on October 8, 2015 for the purpose of determining whether the defendant should be detained.  The court issued its detention order orally from the bench, and this written order incorporates by reference those findings and rulings.  See 18 U.S.C. § 3142(i)(1).

### Legal Standards

Section 3142(f) of the Bail Reform Act, 18 U.S.C. §§ 3141-3156, "does not authorize a detention hearing whenever the government thinks detention would be desirable, but rather limits such hearings" to the circumstances listed in 18 U.S.C. §§ 3142(f)(1) and (f)(2).  United States v. Ploof, 851 F.2d 7, 10 (1st Cir. 1988).  In this case, the government asserted that a detention hearing was warranted under 18 U.S.C. § 3142(f)(1)(B).

The defendant has been charged by Indictment with Conspiracy to Possess a Firearm in Furtherance of a Crime of Violence in violation of 18 U.S.C. § 924(0).  The charge in this case satisfies the above parameters, and I therefore find that the detention hearing was authorized under § 3142(f)(1)(A).

Pursuant to § 3142(f), the court must determine whether any condition or combination of conditions set forth in § 3142(c) will reasonably assure the appearance of the defendant ("risk of flight") and the safety of any other person and the safety of the community ("dangerousness").  18 U.S.C. § 3142(f); United States v. Patriarca, 948 F.2d 789, 791 (1st Cir. 1991).  In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.  18 U.S.C. § 3142(g)

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or

(2) the safety of another or the community.  Patriarca, 948 F.2d
at 793.  The government is required to prove risk of flight by a
preponderance of the evidence and to establish dangerousness by
clear and convincing evidence.  See id. at 792-93.

### Findings and Rulings

In the instant case, the indictment itself constitutes
probable cause to believe that the offense charged has been
committed and that the defendant committed it.  After weighing
the evidence and balancing the factors laid out in 18 U.S.C. §
3142(g), the court finds that the government met its burden of
proof with respect to danger.  The court issued its ruling and
explained its rationale orally from the bench.  The court
incorporates its oral ruling herein and, for the reasons stated
on the record, finds that the government met its burden of
proving that defendant's release, even on strict conditions,
presents too serious a risk of danger.  In short, there are no
conditions or combination of conditions of release that will
reasonably assure the safety of the community.  Accordingly, it
is ORDERED that the defendant be detained pending trial.

The defendant is committed to the custody of the Attorney
General or his designated representative for confinement in a
correctional facility, to be held separately, to the extent

3

practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the correctional facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

October 9, 2015

cc:  Paul J. Garrity, Esq.
     John J. Farley, Esq.
     U.S. Probation
     U.S. Marshal