UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.  ) | No. 1:15-cr-00173-02-LM |
| ) | |
| OSCAR ROSARIO ) | |

GOVERNMENT'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO RECONSIDER DETENTION ORDER

The United States requests that the Court deny the defendant's motion to reconsider the detention order previously entered by the Court. For the reasons set forth below, no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community. The Court correctly found that the defendant should be detained pending trial and the new information proffered by the defendant should not alter that analysis.

Background

The defendant (along with Juan Rojas) has been charged with conspiracy to possess a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o). The charges arose from a series of text messages and telephone calls that were intercepted during a court-authorized wiretap of a telephone being used by Juan Rojas, who was the subject of an ongoing drug trafficking investigation.

During the intercepted communications, the defendant (who owed money to Juan Rojas) discussed a possible plan to rob a drug dealer. In a series of conversations, he made arrangements to obtain a firearm from Juan Rojas that would be used to conduct the robbery. On June 30, 2015, surveillance officers observed the defendant travel from Nashua, New Hampshire to Haverhill, Massachusetts, where the defendant met with Rojas to obtain the firearm that would

be used in the robbery. In a subsequent vehicle stop, the defendant was found to have a firearm and ammunition in his possession.

After a detention hearing, the Court found that the defendant should be detained as a danger to the community. The defendant has now requested that the Court reconsider its ruling based upon his suggestion that a third party custodian would be present and able to monitor the defendant's activities if he were released pending trial.

## Argument

When the United States moves for detention pursuant to 18 U.S.C. § 3142, it has the burden of persuading the Court that no condition or combination of conditions will assure the defendant's presence at trial or the safety of another person or the community. *United States v. Johnson*, 2012 WL 40463, *2 (D.N.H. Jan. 6, 2012). The United States is required to prove risk of flight by a preponderance of the evidence and must demonstrate dangerousness by clear and convincing evidence. *Id.*

The Bail Reform Act permits a movant to reopen a detention hearing "if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community." 18 U.S.C. § 3142(f). Here, even if the information proffered by the defendant was not available at the time of the hearing, it does not have a material bearing on the issue of detention. The proffered evidence does not alter the evidence indicating that the defendant should be detained pending trial.

At the initial detention hearing, the government advised the Court of its position that this

case is a presumption case.  However, the Court's detention order did not rely upon or discuss the presumption.  The rebuttable presumption applies to offenses under 18 U.S.C. § 924(c).  *See* 18 U.S.C. § 3142(e)(3)(B).  Here, the defendant is charged with conspiracy to violation § 924(c), in violation of 18 U.S.C. § 924(o).  While § 924(o) is not explicitly mentioned in § 3142(e)(3)(B), a conspiracy to violate § 924(c) would raise the same public safety concerns as a substantive violation of § 924(c).  *See United States v. Mitchell*, 21 F.3d 1, 3 (1st Cir. 1994) ("conspiracy to commit a crime of violence is itself a crime of violence").  Here, where a grand jury has returned an indictment charging the defendant with conspiring to violate § 924(c) and a firearm was recovered from the defendant, it would be appropriate for the Court to apply the rebuttable presumption to its analysis.

Even absent the rebuttable presumption, detaining the defendant is appropriate because the factors set forth at 18 U.S.C. § 3142(g) weigh in favor of detaining the defendant pending trial.  The limited additional information proffered by the defendant in his motion does not materially alter this analysis.

**Nature of the Crime (18 U.S.C. § 3142(g)(1))**

The defendant is charged with participating in a conspiracy to possess a firearm in furtherance of crime of violence.  The charged crime involves both a crime of violence and a firearm.  Moreover, the crime involved obtaining a firearm from an individual (Juan Rojas) who has been separately charged with drug trafficking offenses and a plan to use that firearm to rob a drug dealer.  Thus the circumstances of this crime also involve controlled substance offenses.  When a crime involves drugs, guns, and violence, this factor should weigh heavily in favor of detention.

**Weight of the Evidence (18 U.S.C. § 3142(g)(2))**

The weight of the evidence is quite strong.  The defendant was intercepted over court-authorized wiretaps on multiple occasions.  In those intercepted calls, he discussed arrangements to rob a drug dealer and to obtain a firearm for that purpose.  The conspiracy involved more than just discussions.  The defendant obtained a firearm and was stopped by law enforcement shortly after he took the possession of gun.

**History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3))**

The defendant is a 27-year old man with minimal work history and no stable residence.  As was discussed at length at the defendant's detention hearing, he has provided conflicting information about where he has been living.  He appears to have had residential ties to locations in Lawrence, Chelmsford, and Nashua.  Moreover, although he did not reveal it during his Pretrial Services interview, he advised the Court at the conclusion of the detention hearing that his mother resides in the Dominican Republic.

The defendant has almost no meaningful work history.  He claims to work at a bar on weekends, earning $150 per weekend.  This limited income certainly raises questions about how the defendant has been supporting himself during his adult life.

The defendant claims that he can live at a location in Chelmsford that is the residence of his girlfriend of approximately two months.  He claims that the father of his girlfriend is willing to serve as a third party custodian.  However, the limited duration of his relationship with the girlfriend and the limited nature of the relationship between the defendant and this family simply cannot provide the Court with reasonable assurances that the community can be protected from future criminal conduct.

The defendant's motion for reconsideration again argues that her girlfriend's father should serve as a third party custodian.  His motion adds the additional argument that the proposed custodian works from home and has a wife who does not work.  Even if the defendant's girlfriend's father is present at the location 24 hours a day, this cannot provide the Court with assurances that the defendant will not engage in further dangerous criminal activity.  The brief and tenuous relationship between the proposed third party custodian and the defendant is simply inadequate to reasonably assure the safety of the community.

In *Johnson*, the Court detained a defendant charged with aiding and abetting bank robbery despite the defendant's relatively minor criminal record and strong ties to New Hampshire. 2012 WL 40463 at *3.  As the Court noted, "those strong ties have not prevented the defendant from making poor life decisions." *Id.*  The same reasoning holds true here.  The defendant's ties to the community, and particularly to the proposed third party custodian, are simply insufficient to protect the public.

**Nature and Seriousness of Danger Posed by Defendant (18 U.S.C. § 3142(g)(4))**

The defendant has presented and continues to present a danger to the community. The defendant (while living with his other girlfriend in Nashua) was quite capable of obtaining a firearm from a drug dealer for the purpose of engaging in a violent act.  Even assuming that his girlfriend's father is acting out of the best of intentions, it is simply unreasonable to believe that an individual with such a limited relationship to the defendant could possibly monitor the defendant and prevent him from engaging in future criminal conduct.

Conclusion

Because the factors set forth in 18 U.S.C. § 3142(g) and the rebuttable presumption all favor detention in this case, the Court should deny the defendant's motion of reconsideration. The defendant should be detained pending trial.

> Respectfully submitted,
>
> DONALD FEITH
> Acting United States Attorney

By:   /s/ John J. Farley
John J. Farley
Assistant U.S. Attorney
NH Bar # 16934
U.S. Attorney's Office
53 Pleasant Street
Concord, NH 03301
(603) 225-1552
john.farley@usdoj.gov

Dated:  October 19, 2015

## CERTIFICATE OF SERVICE

I certify a copy of the foregoing document was served via ECF upon counsel for the defendant.

October 19, 2015                                By:   /s/ John J. Farley
John J. Farley
Assistant U.S. Attorney