UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

**United States of America**

   v.                                                    Civil No. 15-cr-173-2-LM

**Oscar Rosario**

**O R D E R**

Before the court is the defendant Oscar Rosario's motion for the court to reconsider its prior detention order.  Doc. no. 13.  The government objects.  Doc. no. 19.  A hearing was conducted on November 4, 2015.  The court issued its order denying the defendant's motion orally from the bench, and this written order incorporates by reference those findings and rulings.  See 18 U.S.C. § 3142(i)(1).

**Background**

On September 23, 2015, the defendant was charged in a one-count indictment alleging conspiracy to possess a firearm in the furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o).  Doc. no. 1.

On October 8, 2015, a detention hearing was held in accordance with 18 U.S.C. § 3142(f).  At the conclusion of the hearing, the court ordered that the defendant be detained upon finding that no condition or combination of conditions would

reasonably assure the safety of any other person and the community. In consideration of the factors listed in 18 U.S.C. § 3142(g), the court found that the defendant's record of appearance at court proceedings, criminal history, and community ties supported his release. However, the nature of the alleged crime (conspiracy to possess a firearm in furtherance of a crime of violence) and the weight of the evidence (including intercepted calls about exchanging weapons and the defendant's intention to rob a drug trafficker) strongly weighed in favor of detention. Further, the court noted that the defendant's prior history of drug use, unstable residence, and limited employment history favored detention.

Soon after, the defendant filed this motion seeking to reopen the detention hearing and to reconsider the court's detention order based on "new information . . . [that] would assuage any potential danger to the public." Doc. no. 13.

## **Legal Standard**

The defendant has been charged by indictment with conspiracy to possess a firearm in the furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o). As found in the court's October 8, 2015, detention order, this charge authorizes a detention hearing under 18 U.S.C. § 3142(f)(1)(A).

Under the Bail Reform Act, 18 U.S.C. § 3142, a judicial officer shall order detention of a defendant if, "after a hearing . . . the judicial officer finds that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other person and the community." § 3142(e)(1), f(1).  In making this determination, the court must consider the following: (1) the nature and circumstances of the offense charged; (2) the weight of the evidence as to guilt; (3) the history and characteristics of the accused, including family ties, past history, financial resources and employment; and (4) the nature and seriousness of the danger to any person or the community that would be posed by a release.  § 3142(g).

During the course of a hearing conducted pursuant to 18 U.S.C. § 3142, the government has the burden of persuading the court that no condition or combination of conditions will reasonably assure (1) the defendant's presence at trial, United States v. Perez-Franco, 839 F.2d 867, 870 (1st Cir. 1988); or (2) the safety of another or the community.  United States v. Patriarca, 948 F.2d 789, 793 (1st Cir. 1991).  The government is required to prove risk of flight by a preponderance of the evidence and to establish dangerousness by clear and convincing evidence.  See id. at 792-93.

3

The court may reopen a detention hearing at any time prior to trial if:

> the judicial officer finds that information exists that was not known to the movant at the time of the hearing that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

§ 3142(f)(2)(B).

## Discussion

In his motion, the defendant seeks to reopen the October 8, 2015, detention hearing, citing the following information: (1) the defendant's proposed third-party custodian, John D'Amelio, works at home and would be present on a continual basis to monitor the defendant, if released; (2) Mr. D'Amelio's wife, Mary, does not work and is also available to monitor the defendant; and (3) Mr. D'Amelio's home is equipped with security cameras that would be used to monitor the defendant, if released.  Doc. no. 13.  The defendant claims that this information was only revealed to the defendant's counsel after the October 8, 2015, detention hearing.  Id.  The defendant concludes that this "new information . . . would assuage any potential danger to the public" and requests release "into the third party custody of [Mr.] D'Amelio with the added condition of electronic monitoring."  Id. at 2.

4

The government does not object that the information submitted by the defendant is "new."  See doc. no. 19.  Instead, the government argues that the information lacks "a material bearing on the issue of detention" and "does not alter the evidence indicating that the defendant should be detained pending trial."  See doc. no. 19.  Additionally, the government argues that the "factors set forth at 18 U.S.C. § 3142(g) weigh in favor of detaining the defendant" and the new information submitted by the defendant "does not materially alter this analysis."  Id. at 3.

Contrary to the government's objection, however, because the new information submitted by the defendant was not available at the time of the first detention hearing and directly relates to conditions that may reasonably assure the safety of any other person and the community, it was appropriate to reopen the detention hearing.  See United States v. Rodriguez-Adorno, 606 F. Supp. 2d 232, 237-38 (D.P.R. 2009).

Nevertheless, after weighing all the evidence, including the new evidence submitted by the defendant, and balancing the factors laid out in § 3142(g), the court finds that the government again met its burden of proof on dangerousness.  As found previously, the nature of the alleged crime (conspiracy to possess a firearm in furtherance of a crime of violence), the weight of the evidence (including intercepted calls about

exchanging weapons and the defendant's intention to rob a drug trafficker), the defendant's history of drug use, and the defendant's unstable residence and employment history strongly weigh in favor of detention.

Although the new information provided by the defendant that a third party custodian "would be present on a continual basis[,]" weighs in favor of release, it does not overcome the strong factors favoring detention. In June 2015, the defendant was arrested in Massachusetts on gun charges. Those charges are related to this offense. After arrest in Massachusetts, the defendant was released on bond. Once on state bond, the defendant continued to use drugs as evidenced by a recent positive drug test for cannabinoids. In addition, intercepted calls from July 2015 allegedly reveal that the defendant continued to communicate with the co-defendant about robbing a drug dealer.

Therefore, the court continues to find by clear and convincing evidence that the defendant is a danger to the community and that there are no conditions or combinations of conditions of release that will reasonably assure the safety of the community if he were released. The court so finds for the same reasons stated at the October 8, 2015, and November 4, 2015, detention hearings and in this order.

**Conclusion**

For the foregoing reasons, the defendant's motion to reconsider (doc. no. 13) is denied.  The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a correctional facility, to be held separately, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal.  The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel.  On order of a court of the United States or on request of an attorney for the government, the person in charge of the correctional facility shall deliver the defendant to the United States Marshal for the purpose of appearing in connection with court proceedings.

SO ORDERED.

_____
Andrea K. Johnstone
United States Magistrate Judge

November 5, 2015

cc:  Adam H. Bernstein, Esq.
     Paul J. Garrity, Esq.
     John J. Farley, Esq.
     U.S. Probation
     U.S. Marshal