UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:15-cr-00173-01-LM |
| | ) | |
| JUAN ROJAS | ) | |

_____

GOVERNMENT'S MEMORANDUM IN RESPONSE TO THE DEFENDANT'S MOTION
SEEKING A DETENTION HEARING

The defendant, who previously stipulated to detention without prejudice, has requested a detention hearing.  The United States requests that the Court detain the defendant pending trial.  For the reasons set forth below, no condition or combination of conditions will reasonably assure the appearance of the defendant and the safety of any other person and the community.

Background

The defendant (along with Mara Morillo, Franklyn Morillo, Jorge Medina, Justin Bartimus, and Michael Lally) is charged with participating in a conspiracy to distribute, and possess with intent to distribute controlled substances (oxycodone and cocaine), in violation of 21 U.S.C. §§ 846 and 841.  The defendant also is charged with possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c).  *See United States v. Mara Morillo, et al.*, No. 15-cr-174-SM.

The defendant is charged in a separate indictment with conspiracy to possess a firearm in furtherance of a crime of violence, in violation of 18 U.S.C. § 924(o).  *See United States v. Juan Rojas et al.*, No. 15-cr-173-LM.

The defendant's indictments followed a lengthy investigation that involved controlled drug purchases, surveillance, the execution of search warrants, and the use of court-authorized wiretaps.

Beginning in May of 2015, investigators obtained authorization to intercept wire and electronic communications over multiple cellular telephones that were being used by members of the conspiracy, including telephones used by Mara Morillo and Franklyn Morillo. During the course of the investigation, defendant Rojas was intercepted on numerous occasions discussing drug trafficking activity. In fact, as the investigation progressed, investigators obtained authorization to intercept communications over a cellular telephone used by the defendant. Intercepted communications showed that the defendant was actively distributing cocaine and oxycodone.

In one series of intercepted communications, the defendant arranged to provide a firearm to Oscar Rosario so that it could be used to rob a drug dealer. Surveillance officers observed Rosario travel to the defendant's residence on June 30, 2015, where he obtained a firearm from the defendant. Later that evening, during a vehicle stop, the firearm was recovered from the trunk of a vehicle that was being operated by Rosario. This event forms the basis for the firearm conspiracy charge against the defendant in Case No. 15-cr-173-LM. Rosario has pleaded guilty to participating in this conspiracy.

On August 18, 2015, a series of intercepted calls led agents to believe that the defendant was in possession of a quantity of cocaine. Law enforcement officers attempted to stop the defendant's vehicle. The defendant initially attempted to flee and to evade law enforcement vehicles, but later was stopped and removed from the vehicle. A young child was in the vehicle. During the stop, the defendant was found in possession of the telephone that was being intercepted. The defendant later was found to be in possession of approximately 110 grams of cocaine.

2

A state search warrant later was executed at the defendant's residence in the early morning hours of August 19, 2015.  The apartment had metal brackets on either side of the interior side of the door so that a board could be used to secure the door from forced entry.  Among the items recovered were packaging materials, a digital scale, a cocaine press, hypodermic needles, acetone, a bullet proof vest, a Smith and Wesson .40 caliber handgun, and .40 caliber ammunition.

A search warrant also was executed at the Morillo residence in Haverhill.  Among the items recovered were approximately $18,108 in currency and a small quantity of suspected cocaine.  During an interview, Franklyn and Mara Morillo admitted that they had been obtaining cocaine and oxycodone pills from the defendant.

In addition to the federal charges, the defendant faces pending state criminal charges in Massachusetts.

<u>Argument</u>

When the United States moves for detention pursuant to 18 U.S.C. § 3142, it has the burden of persuading the Court that no condition or combination of conditions will assure the defendant's presence at trial or the safety of another person or the community.  *United States v. Johnson*, 2012 WL 40463, *2 (D.N.H. Jan. 6, 2012).  The United States is required to prove risk of flight by a preponderance of the evidence and must demonstrate dangerousness by clear and convincing evidence.  *Id.*  This analysis is based upon factors set forth in 18 U.S.C. § 3142(g).

Here, the defendant is charged with participating in a drug trafficking conspiracy.  This crime is subject to a statutory maximum sentence of 20 years in prison.  *See* 21 U.S.C. § 841(b)(1)(C).  As a result, there is a rebuttable presumption that no set of conditions can

reasonably assure the defendant's appearance or the safety of the community.  *See* 18 U.S.C.

§ 3142(e).  Even if a defendant produces some evidence to rebut the presumption, "the

presumption does not disappear."  *United States v. Dillon,* 938 F.2d 1412, 1416 (1st Cir. 1991).

The presumption still "retains evidentiary weight" in the assessment of the risk posed by the

defendant's release.  *Id.*

Detaining the defendant is appropriate because the rebuttable presumption and the factors

set forth at 18 U.S.C. § 3142(g) weigh in favor of detaining the defendant pending trial.  The

defendant's drug trafficking activity, pending charges in Massachusetts, possession of multiple

firearms, exposure of a young child to his drug trafficking activity, and attempt to flee from law

enforcement demonstrate that he presents a very substantial danger to the community and a risk

of flight.

**Nature of the Crime (18 U.S.C. § 3142(g)(1))**

The defendant is charged with participating in a drug trafficking conspiracy that included

the distribution of oxycodone.  This powerful opiate has played a substantial role in the overall

opiate crisis that has been impacting New England in recent years.  Moreover, his involvement in

drug trafficking was not brief.  Rather, his drug trafficking activities occurred over an extended

period of time.  Given that this crime involves the distribution of controlled substances over a

lengthy period of time, this factor weighs in favor of detention.  Moreover, the defendant

possessed at least two firearms during the course of his criminal activities – one firearm that was

provided to Oscar Rosario to commit an active violence (the robbery of a drug dealer) and

another which was located in his residence (which had a fortified door).  One of these firearms is

the basis for a charge of violating 18 U.S.C § 924(c), which carries a five-year mandatory

minimum sentence.

**Weight of the Evidence (18 U.S.C. § 3142(g)(2))**

The weight of the evidence is quite strong.  The defendant was intercepted over court-authorized wiretaps on multiple occasions.  In those intercepted calls, he discussed arrangements for drug transactions.  He was observed by surveillance officers meeting with co-conspirators.  He was found to be in the possession of over 100 grams of cocaine.  Drug paraphernalia and a firearm were seized from his residence.  Additionally, two of his co-conspirators acknowledged that the defendant was a source who supplied them with cocaine and oxycodone.

With respect to the firearms conspiracy case, the defendant was intercepted in a series of calls and text messages making arrangements to provide a firearm to Rosario, which would be used to commit a robbery.  Rosario was observed going to the defendant's residence to obtain the firearm and the firearm was later recovered from a vehicle operated by Rosario.  Rosario already has pleaded guilty to participating in the firearms conspiracy with the defendant.

Thus, the weight of the evidence in both cases is strong.  This again weighs in favor of the defendant's detention.

**History and Characteristics of the Defendant (18 U.S.C. § 3142(g)(3))**

The defendant's history and characteristics indicate that he presents a danger to the community and a risk of flight.  The defendant's family ties do little to mitigate the risk of flight and danger.  Here, his residence was a fortified location containing drug paraphernalia, a bulletproof vest, and a firearm. The defendant's family ties did nothing to curb his willingness to participate in unlawful activity.  Perhaps most troubling is the defendant's decision to expose a child to his drug trafficking activities, as demonstrated by the child's presence in the vehicle on

5

August 18, 2015.

The pending state and federal charges and the substantial length of any potential sentence provide a significant motivation for the defendant to flee or otherwise avoid facing these charges. Nothing about his personal history suggests that these criminal charges will cause him to conform with the law. The arrest of Rosario on June 30, 2015, did not deter the defendant from further involvement with drugs and firearms. Rather, the defendant's criminal activities continued. His release would thus present a risk of flight and danger to the community.

In *Johnson*, the Court detained a defendant charged with aiding and abetting bank robbery despite the defendant's relatively minor criminal record and strong ties to New Hampshire. 2012 WL 40463 at *3. As the Court noted, "those strong ties have not prevented the defendant from making poor life decisions." *Id.* The same reasoning holds true here. The defendant's ties to the community were insufficient to prevent the defendant from distributing drugs for an extended period of time. He did so while possessing firearms, even providing a firearm to be used in a robbery. There is no reason to believe that those ties would prevent him from resuming his criminal activity if he were released from custody.

### Nature and Seriousness of Danger Posed by Defendant (18 U.S.C. § 3142(g)(4))

The defendant has presented and continues to present a danger to the community. Ongoing narcotics trafficking constitutes a danger to the community under the Bail Reform Act. *United States v. Cidraz-Santiago*, 18 F. Supp.2d 124, 130 (D. P.R. 2014). The defendant has been involved in drug trafficking for a lengthy period of time and there is no reason to believe that the criminal charges in this case would be sufficient to dissuade the defendant from further criminal activities. His possession of firearms and willingness to provide a firearm for use in a

robbery demonstrate a willingness to be involved in violence.  He endangered the community

when he transported a child in a vehicle that contained drugs and attempted to flee from law

enforcement on August 18, 2015.  Under these circumstances, the risk that the defendant will

continue to distribute drugs poses a continuing danger to the community.  *See id.* at 129

(defendant's release "would pose a danger of continued drug trafficking to the community").

Conclusion

Because the factors set forth in 18 U.S.C. § 3142(g) and the rebuttable presumption all

favor detention in this case, the defendant should be detained pending trial.

Respectfully submitted,

EMILY GRAY RICE
United States Attorney


By:     /s/ John J. Farley
John J. Farley
Assistant U.S. Attorney
NH Bar # 16934
U.S. Attorney's Office
53 Pleasant Street
Concord, NH 03301
(603) 225-1552
john.farley@usdoj.gov


Dated:  April 22, 2016

**CERTIFICATE OF SERVICE**

I certify a copy of the foregoing document was served via ECF upon counsel for the

defendant.

April 22, 2016                                         By:      <u>/s/ John J. Farley</u>
                                                               John J. Farley
                                                               Assistant U.S. Attorney

8